IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**JERRY D. GUESS and GUESS & CO. CORPORATION, INC.,**<br><br>**Defendants.** | Case No. 8:24-cv-172<br><br><br>**COMPLAINT, JURY DEMAND, AND PLACE OF TRIAL DESIGNATION** |

## INTRODUCTION

1. From at least June 2021 through April 2022, Defendant Jerry D. Guess, a convicted felon, and his company, Guess & Co. Corporation, Inc. ("Guess & Co." or "the Company"), conducted a fraudulent offering of Guess & Co. stock ("the Offering").

2. During the Offering, the Defendants made multiple false and misleading statements of material facts to at least 57 prospective investors in at least 12 states and one foreign country to solicit them to invest in Guess & Co. stock.

3. The Defendants falsely represented to prospective investors that Guess & Co. was a diversified energy, health care, technology, and real estate company that had earned millions of dollars in revenue from its business operations in 2019 to 2021, and they misleadingly projected the Company would earn billions in revenue in both 2021 and 2022.

4. In reality, Guess & Co. had no operations, customers, or business revenue other than the sales of 19 computers to electronics re-sale shops for $14,654.

5. Although no investors to date have purchased Guess & Co. stock, permanent injunctions, an officer and director bar against Guess, and civil penalties are necessary to protect the public and to prevent and deter Defendants from future violations of the federal securities laws as discussed below.

## VIOLATIONS AND RELIEF REQUESTED

6. By committing the acts alleged in this Complaint, the Defendants directly and indirectly engaged in, and unless restrained and enjoined by the Court will continue to engage in, acts, transactions, practices, and courses of business that violate the anti-fraud provisions of the federal securities laws, specifically Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].

7. Plaintiff, the Securities and Exchange Commission ("SEC"), brings this action in the public interest to deter the Defendants from repeating their fraudulent conduct in the future. Specifically, the SEC seeks permanent injunctions against each Defendant, an officer and director bar against Guess, civil penalties against each Defendant, and all other equitable and ancillary relief to which the Court determines the SEC is entitled.

## JURISDICTION

8. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d), and 22(a) of the Securities Act [15 U.S.C. §§ 77t(b), 77t(d), and 77v(a)].

9. Defendants, directly or indirectly, made use of the means or instruments of transportation or communication in interstate commerce and the mails, in connection with the transactions, acts, practices, and courses of business alleged herein.

10. Venue is proper in this district pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)]. Certain of the transactions, acts, practices, and courses of business constituting violations of the federal securities laws occurred within this district.

## THE DEFENDANTS

11. **Jerry D. Guess**, age 39, is the founder, president, chief executive officer, chairman, and a shareholder of Guess & Co. He served as president and chairman of Guess & Co. throughout the Offering. He served as the chief executive officer of Guess & Co. during the first seven months of the Offering, until December 2021, when he appointed Individual No. 1 to that position. In July 2022, Guess resumed the role of chief executive officer. During the Offering and as recently as at least March 2024 Guess resided in Falls City, Nebraska.

12. **Guess & Co. Corporation, Inc.** is a North Carolina corporation. Guess & Co. has moved its principal place of business several times since February 2021, often upon threat of eviction for non-payment of rent. Since February 2021, it has had its principal place of business in Osage Beach, Missouri, Overland Park, Kansas, Topeka, Kansas, La Vista, Nebraska, Kansas City, Missouri, Raleigh, North Carolina, and Olathe, Kansas. Guess & Co. purports to be a diversified energy, health care, technology, and real estate company committed to revitalizing rural America. It has incorporated over 100 subsidiaries. None of these subsidiaries has conducted any operations.

## GUESS'S HISTORY

13. In 2006, Guess was convicted in Indiana of misdemeanor check fraud. *State v. Guess*, 37D01-0503-FD-000038 (Ind.Sup.Ct. 2006).

14. In 2008, Guess was sued in the U.S. District Court for the Western District of North Carolina for allegedly defrauding a real estate developer out of $375,000 in connection with an

3

advanced fee loan scheme Guess operated. *Portales Place Property, LLC v. Guess*, 3:08-cv-143 (W.D.N.C. 2008). After he failed to appear for a contempt hearing in that matter, the court issued an Order of Arrest for Criminal Contempt, and Guess fled to Canada in May 2008.

15. Guess remained a fugitive in Canada until 2011, when he was deported to the United States.

16. In 2011, Guess pled guilty to charges of wire fraud and filing false tax returns by the U.S. Attorney for the Western District of North Carolina in connection with the advanced fee loan scheme referred to in Paragraph 14, above. In 2012, Guess was sentenced to a 51-month prison term and ordered to pay restitution of $2,371,401. *U.S. v. Guess*, 3:10-CR145 (W.D. N.C. 2010). Guess's supervised release in that case was terminated in 2015 and his sentence was extended by nine months for failure to abide by the terms of his release. His sentence was extended another nine months for the same reason in 2016. He was released from prison in 2017.

## GUESS CONTROLLED GUESS & CO.

17. Guess founded and controlled Guess & Co. During 2021 through 2022, Guess & Co. had between five and twenty employees and a board of directors with seven or eight members comprised of Guess, Individual No. 1, and five or six outside directors.

18. Guess was the only person who could hire, promote, or fire employees and direct their daily activities. Much of what the employees did was clerical in nature, such as entering invoices into Guess & Co.'s internal accounting system. He recruited all the outside board members. The Guess & Co. Board acted as a rubber stamp for Guess.

19. Guess also controlled Guess & Co.'s finances and was the final decision maker on Guess & Co.'s expenditures.

20. Guess decided how and from whom Guess & Co. sought to raise capital.

4

21. Guess drafted, approved, and distributed all emails to prospective investors. He approved and distributed Guess & Co.'s business plans and private placement memorandum to prospective investors, in connection with the Offering of Guess & Co. stock in 2021 through 2022. He also drafted and approved the Form D and Amended Forms D that Defendants filed with the SEC in 2021 and 2022. On information and belief, Guess controlled and approved the content of the Guess & Co. website.

22. Neither the Board members nor employees participated in drafting or distributing the Guess & Co. offering documents, SEC filings, or emails to prospective investors.

23. Guess often conducted Guess & Co. business remotely from his residence in Falls City, Nebraska. This included, but was not limited to, receiving and sending emails (including to prospective investors), accessing and placing orders in Guess & Co.'s bank accounts through the internet, and calling Guess & Co. employees about Guess & Co.-related activities.

**THE DEFENDANTS' FRAUDULENT OFFERING OF GUESS & CO. STOCK**

24. From at least June 2021 through April 2022, Guess and Guess & Co. conducted a fraudulent offering of securities in the form of shares of Guess & Co. stock to at least 57 prospective investors residing in at least 12 states and one foreign country.

25. In connection with the Offering, Guess & Co., through Guess, filed a Form D with the SEC in October 2021 in which it disclosed that it was conducting a $125 million offering of Guess & Co. stock. Guess & Co. raised the size of the Guess & Co. Offering to $250 million in its January 2022 Amended Form D.

26. From at least June 2021 through April 2022, Guess sent unsolicited emails to these prospective investors inviting them to purchase shares of Guess & Co. stock. The prospective investors included investment banks, investment advisers, brokers, dealers, and hedge funds.

5

27. Guess was the only person to send emails soliciting the purchase of Guess & Co. stock.

28. In the emails, Guess represented that Guess & Co. was "committed to revitalizing and serving Rural America through energy, health care, technology, and real estate." Guess further stated that Guess & Co. was offering its stock for sale and invited the recipient to invest and/or to contact Guess for additional information.

29. In some instances, Guess asked the prospective investor to invest a specific amount, often $1 million.

30. In emails to at least 25 of the prospective investors, Guess either attached various versions of Guess & Co.'s business plan or private placement memorandum or gave the recipient cloud access to those documents.

31. Guess & Co.'s business plan and private placement memorandum, which were written or approved by Guess, contained false and misleading statements of material fact.

32. At least five prospective investors responded to Guess seeking additional information about Guess & Co. and the Defendants' offering of Guess & Co.'s stock.

33. At least three prospective investors later met or spoke on the phone with Guess to discuss investing in Guess & Co. stock.

34. In addition to soliciting prospective investors directly, Guess asked at least four investment banks and an investment adviser to help him solicit investors to buy Guess & Co. stock. Guess also asked two of these firms to invest themselves.

35. Guess emailed these firms, briefly describing Guess & Co.'s purported lines of business and asking for their assistance in raising investor funds. In at least three emails, he provided specific target investment figures, ranging from $7.5 million to $50 million. He provided

three of the firms with the Guess & Co. business plan, which contained false and misleading statements of material fact. All the firms either declined to participate or did not respond to Guess.

### DEFENDANTS' FALSE AND MISLEADING STATEMENTS

36. In emails, Guess & Co. business plans, private placement memoranda, the Guess & Co. website, and in the Form D and Amended Forms D that they filed with the SEC, Defendants made false and misleading statements of material fact related to Guess & Co.'s purported business operations and annual revenue for the years 2019 through 2021.

### Business Operations

37. In emails, business plans, private placement memoranda, and the Guess & Co. website, Defendants described Guess & Co. as a "diversified energy, health care, technology, and real estate company that is focused on revitalizing and serving Rural America" and working to position itself to be a leader in those areas. The Guess & Co. website stated that Guess & Co. "provides technology, real estate, energy, and health care solutions to communities, small businesses, corporations and governments."

38. In Guess & Co. business plans and private placement memoranda, the Defendants represented that Guess & Co. had "core" revenue operations focused on "providing micro-grids; developing and operating mega rural hospitals; developing and operating data centers and providing cloud solutions; and developing and operating master planned Class A mixed-use real estate communities that convert rural communities to new smart cities that are incorporated as municipalities." Guess & Co.'s business plans also claimed to have a wide range of "non-core" revenue operations, including providing consulting services, reselling equipment, trading commodities, owning and operating private prison facilities, as well as providing intelligence and security services, payment processing services, litigation support, call center support, and capital

financing to private companies, municipalities, and Native American tribes. The Business Plans also stated that Guess & Co. "plans to become public-traded via direct listing on Nasdaq . . . and has reserved the symbol: GACO."

39. From 2019 until April 2022, when Guess appears to have stopped soliciting investors, Guess & Co. did not operate the purported businesses described in the Defendants' offering documents and marketing materials.

40. Guess & Co.'s only customers during the period of the Guess & Co. Offering were four electronics resale shops to whom Guess & Co. sold a total of 19 computers for approximately $14,654. The first of these sales occurred in November 2021, approximately five months after the Offering began, when Guess & Co. sold two computers for $450. Guess & Co. sold the other 17 computers between January and April 2022.

41. According to Guess & Co. internal records, it purportedly also sold $9.8 million of products and services to six customers from 2019 to 2021. Guess & Co's internal records labeled these supposed sales as "monthly advisory fees," "annual engagement fees," and "Unified Cloud Solutions."

42. None of these transactions were legitimate, if in fact any of them occurred at all.

43. Five of the purported customers are entities that are owned and controlled by Guess and the other is owned and controlled by Individual No. 1.

44. The Defendants were able to produce to the SEC a sales contract for only one of the purported transactions.

45. Guess & Co. employees and board members saw no evidence that Guess & Co. had any employees or contractors who could provide cloud solutions products or services or that these purported customers had any operations.

46. Guess & Co. received no payments from these six purported customers during the relevant time period and had not received any payments through at least October 2023.

### Annual Revenue

47. In 2021 and 2022, the Defendants provided prospective investors purported figures for Guess & Co.'s annual revenue from business operations for the years 2019, 2020, and 2021. For 2019, Guess & Co.'s business plans and private placement memoranda reported revenue of $120,978. For 2020, some of Guess & Co.'s business plans and private placement memoranda reported revenue of $1,141,982, while others reported revenue of $5,783,912. For 2021, Guess & Co.'s business plans and private placement memoranda reported revenue of $7,630,216. The Form D and Amended Form D filed by Guess & Co. in October 2021 and the Amended Form D filed in January 2022 stated that Guess & Co. had earned annual revenue in the range of between $5 million and $25 million.

48. All of these annual revenue figures were false. As described above, Guess & Co. had no real sales between 2019 and 2021 other than the sale of two computers for $450 in November 2021.

### Guess & Co.'s Financial Projections

49. The Guess & Co. business plans that Defendants distributed to prospective investors between June 2021 and March 2022 contained false and misleading statements related to its quarterly and annual revenue and net income projections for 2021 and 2022.

50. The business plans, which were published in June, July, October, and December 2021 and in March 2022, projected various amounts of revenue and net income including:

- $4 billion in annual revenue for 2021 and 2022

- $575 million in annual net income for 2021 and 2022

9

- A range of $1 million to $4 billion in quarterly revenue for 2021

- A range of ($22.5 million) to $598 million in quarterly net loss/income for 2021.

51. These projections omitted material information such that they were materially misleading to a reasonable investor when considered in context with the omitted material. The Defendants had no reasonable basis to believe the projected revenue, net income, and net loss figures they included in the business plans they distributed to prospective investors. As discussed above, Guess & Co. had no customers or revenue, other than in connection with a handful of computer sales. The Company also did not have the types or numbers of facilities or employees necessary to manufacture, distribute, or provide its purported products or services, let alone for millions or billions of dollars in revenue and net income.

52. Indeed, in a November 1, 2021 email to Guess & Co.'s employees, Guess said that in the 40 business days remaining in 2021, they needed to generate an average daily revenue of $100 million to achieve $4 billion in annual revenue.

53. Guess sent a similar email on December 6, 2021, in which he said that in the remaining 20 business days of 2021 they needed to generate an average daily revenue of $200 million to achieve $4 billion.

54. Though he did not explicitly state it, Guess's emails implicitly acknowledge that Guess & Co. had not yet generated *any* revenue in 2021.

55. Guess and Guess & Co. did not succeed in selling any shares of stock in the Offering.

## COUNT I

### FRAUDULENT SCHEME IN THE OFFER AND SALE OF SECURITIES
### Violations of Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)]

56. The SEC repeats, realleges, and incorporates by reference paragraphs 1 through 55, as though fully set forth therein.

57. By engaging in the acts and conduct described in this Complaint, Defendants, directly or indirectly, in the offer or sale of securities, by use of the means or instruments of transportation or communication in interstate commerce and the mails, used and employed devices, schemes, or artifices to defraud.

58. Defendants engaged in the fraudulent conduct described above intentionally or with severe recklessness.

59. By reason of the foregoing, Defendants, directly or indirectly, violated, are violating, and, unless enjoined, will continue to violate Section 17(a)(1) of the Securities Act [15 U.S.C. § 77q(a)(1)].

## COUNT II

### TRANSACTIONS, PRACTICES AND COURSES OF BUSINESS
### THAT OPERATED OR WOULD OPERATE AS A FRAUD AND DECEIT
### IN THE OFFER AND SALE OF SECURITIES
### Violations of Section 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(3)]

60. The SEC repeats, realleges, and incorporates by reference paragraphs 1 through 55, as though fully set forth therein.

61. By engaging in the acts and conduct described in this Complaint, Defendants, directly or indirectly, in the offer or sale of securities, by use of the means or instruments of transportation or communication in interstate commerce and the mails, engaged in transactions, practices, or courses of business which operated or would operate as a fraud and deceit upon the

purchaser.

62. Defendants engaged in the fraudulent conduct described above intentionally, with severe recklessness, or negligently.

63. By reason of the foregoing, Defendants, directly or indirectly, violated, are violating, and, unless enjoined, will continue to violate Section 17(a)(3) of the Securities Act [15 U.S.C. § 77q(a)(3)].

## PRAYER FOR RELIEF

**WHEREFORE,** the SEC respectfully requests that this Court:

### I.

Find that Defendants committed the violations charged and alleged herein.

### II.

Issue a permanent injunction restraining and enjoining Defendants, their officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, who receive actual notice of the Order, by personal service or otherwise, and each of them from, directly or indirectly, engaging in transactions, acts, practices or courses of business described above, or conduct of similar purport and object, in violation of Section 17(a) of the Securities Act.

### III.

Issue a permanent conduct-based injunction enjoining Guess, his officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, who receive actual notice of the Order, by personal service or otherwise, and each of them from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Guess or Guess & Co., participating in the issuance, purchase, offer, or sale of any security, provided, however that such injunction shall not prevent Guess from purchasing or selling securities listed on a

national exchange for his own personal account.

IV.

Issue a permanent conduct-based injunction enjoining Guess & Co., its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them, who receive actual notice of the Order, by personal service or otherwise, and each of them from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Guess or Guess & Co., participating in the issuance, purchase, offer, or sale of any security.

V.

Permanently prohibit Guess from serving as an officer or director of any company that has a class of securities registered under Section 12 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78l] or that is required to file reports under Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], pursuant to Securities Act Section 20(e) [15 U.S.C. § 77t(e)] and Exchange Act Section 21(d)(2) [15 U.S.C. § 78u(d)(2)].

VI.

Issue an Order imposing upon Defendants appropriate civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].

VII.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered or to entertain any suitable application or motion for additional relief within

the jurisdiction of this Court.

## VIII.

Grant such orders for further relief the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the SEC hereby requests a trial by jury and that the trial of this matter take place in Omaha, Nebraska.

Dated: May 9, 2024

Respectfully submitted,

*s/ John E. Birkenheier*
JOHN E. BIRKENHEIER
Illinois ARDC No. 6270993
Direct phone: (312) 886-3947
BirkenheierJ@sec.gov
JAMES G. O'KEEFE
Illinois ARDC No. 6293490
Direct phone: (312) 886-2239
O'KeefeJ@sec.gov
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 1450
Chicago, IL 60604

*Attorneys for Plaintiff*
*U.S. Securities and Exchange Commission*