IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 8:24CV172 |
| vs. | ORDER |
| JERRY D. GUESS, and GUESS & CO. CORPORATION, | |
| Defendants. | |

    This matter comes before the Court on two motions filed by the defendants, Jerry D. Guess and Guess & Co. Corporation, proceeding pro se. In both motions, the defendants request the Court extend the deadline for them to file an answer or other responsive pleading to the amended complaint. (Filing No. 28; Filing No. 29). Plaintiff, the United States Securities and Exchange Commission ("SEC") opposes the defendants' motions. For the following reasons, the Court will deny the motions.

    The SEC commenced this action against Jerry Guess and "Guess & Co. Corporation, Inc." on May 9, 2024, alleging they conducted a fraudulent offering of Guess & Co. stock between June 2021 and April 2022, in violation of Section 17(a) of the Securities Act of 1933 ("Securities Act"), (Filing No. 1). The SEC served Guess & Co. Corporation's registered agent on May 13, 2024, (Filing No. 7), and personally served Mr. Guess on May 11, 2024, (Filing No. 8).

    On May 29, 2024, the SEC filed a motion on behalf of the defendants requesting an extension of time for them to file an answer or other responsive pleading to the SEC's Complaint while the parties discussed settlement. (Filing No. 9). The Court granted the SEC's motion, and extended the defendants' responsive pleading deadline to June 24, 2024. (Filing No. 10). On June 24, 2024, Mr. Guess emailed the Court to request a further extension of the defendants' responsive pleading deadline in order to obtain counsel. (Filing No. 11). The Court granted the motion, and extended the defendants' responsive pleading deadline to July 15, 2024. (Filing No. 12).

    On July 8, 2024, Mr. Guess filed a letter requesting that the Court compel the SEC to name the correct entity—Guess & Co. Corporation—as a defendant because the defendant named in the complaint, "Guess & Co. Corporation, Inc.," did not exist. (Filing No. 13). Thereafter, on July 10, 2024, the SEC filed a First Amended Complaint to correct the defendant company's name to

Guess & Co. Corporation. (Filing No. 14). The defendants waived service of the amended complaint on July 11, 2024. (Filing No. 19; Filing No. 20).

On September 5, 2024, Mr. Guess requested an extension of time for the defendants to file a responsive pleading to the amended complaint because they had "reached a tentative agreement to engage local counsel and out of state counsel[.]" (Filing No. 21). The Court granted the requested extension, and extended the defendants' responsive pleading deadline to the amended complaint to October 11, 2024. (Filing No. 22). On October 10, 2024, Mr. Guess again requested an extension of the defendants' responsive pleading deadline "to complete the engagement of skilled defense counsel to represent the defendants[.]" (Filing No. 23). The SEC filed a brief opposing that extension due to the length of time the case had been pending. (Filing No. 24). The Court nevertheless granted the requested extension and provided the defendants "with a final extension of time to November 8, 2024, to obtain licensed counsel and file an answer or other responsive pleading." The Court cautioned the defendants "that further extensions of time are unlikely to be granted absent a showing of extraordinary circumstances and good cause."[1] (Filing No. 25).

The defendants' final responsive pleading deadline of November 8, 2024, came and went; the defendants did not file an answer or other responsive pleading, did not ask for a further extension, and licensed counsel did not enter an appearance on their behalf. Thus, on November 14, 2024, the SEC moved for clerk's entry of default as to both defendants for their failure to file an answer, (Filing No. 26), and the clerk entered default against the defendants in accordance with Rule 55(a) of the Federal Rules of Civil Procedure on the same date, (Filing No. 27).

On December 19, 2024, the Court received two handwritten documents from Mr. Guess: one dated November 8, 2024, (Filing No. 29), and the other dated November 22, 2024, (Filing No. 28). In the November 8th letter, Mr. Guess requested yet another extension of time to file an answer, asserting extraordinary circumstances and good cause justified a further extension. Specifically, Mr. Guess asserts he was involved in criminal proceedings in Kansas and North Carolina, resulting in his arrest on September 20, 2024, in Kansas, and subsequent incarceration in North Carolina on October 18, 2024, when he voluntarily surrendered on outstanding warrants.

---

[1] Defendant Guess & Co. Corporation must obtain counsel to proceed in this forum because "the law does not allow a corporation to proceed pro se." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

2

(Filing No. 29). Due to his arrests and detention, Mr. Guess requested a further extension of time for the defendants to file a responsive pleading until March 1, 2025. (Filing No. 29).

Mr. Guess's second handwritten letter was dated November 22, 2024, authored after Mr. Guess received notice of the clerk's entry of default entered against the defendants on November 14, 2024. (Filing No. 28). In the November 22nd letter, Mr. Guess reiterated his request for an extension of time for the defendants to file an answer or other responsive pleading, due to the "extraordinary circumstances" surrounding his arrest and detention. Mr. Guess asserts he had "no access to a computer, internet, etc." and was "not aware of the status of the extension to file an answer" as requested in his November 8th letter. Mr. Guess also "ask[ed] that the Court not grant the SEC's motion for clerk's entry of default." (Filing No. 28).

The SEC opposes Mr. Guess's requests for further extensions. (Filing No. 30). Because clerk's entry of default has already been entered against the defendants for failure to answer, the SEC construes Mr. Guess's request as one to set aside default. The SEC maintains that the defendants have not demonstrated good cause to set aside clerk's entry of default, nor demonstrated circumstances justifying a further extension of time to file a responsive pleading.

**ANALYSIS**

A defendant must serve an answer or other responsive pleading "within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Additionally, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Under Rule 55(a) of the Federal Rules of Civil Procedure, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c).

The defendants did not file a responsive pleading by the Court's final deadline of November 8, 2024, and the Court did not receive the defendants' request to extend that deadline prior to it passing. As such, the SEC properly moved for clerk's entry of default under Rule 55(a) on November 14, 2024. The clerk entered default against both defendants for failure to answer on the same date. Mr. Guess's letters were dated November 8 and November 22, 2024; however, the

3

Court did not receive them until December 19, 2024. Although Mr. Guess does not specifically ask that the Court "set aside" entry of default, he does "ask that the Court not grant the SEC's motion for clerk's entry of default" and requests more time to file a responsive pleading. Therefore, the Court will construe Mr. Guess's letters as a request to set aside default and to once again extend the defendants' responsive pleading deadline. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed[.]") (internal quotation marks omitted).

To determine whether good cause exists to set aside default, the court "should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.'" *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Conduct is blameworthy or culpable if a failure to meet a deadline was "contumacious or intentional" as opposed to a "'marginal failure' to meet pleading or other deadlines." *Johnson*, 140 F.3d at 784. The court determines whether a meritorious defense exists "by examining 'whether the proffered evidence would permit a finding for the defaulting party.'" *Stephenson*, 524 F.3d at 914 (quoting *Johnson*, 140 F.3d at 785). "[D]elay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." *Id.* (quoting *Johnson*, 140 F.3d at 785). "Setting aside a default must prejudice plaintiff in a more concrete way, such as 'loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'" *Id.* (quoting *Johnson*, 140 F.3d at 785).

After review and considering the circumstances of this case, the Court finds the defendants have not established good cause to set aside default. The SEC commenced this action on May 9, 2024, and both defendants were served with notice of the complaint by May 13, 2024. It is clear the defendants have been aware of this action from the outset, and at least initially were working with the SEC to reach a settlement. To that end, the Court granted the defendants an initial extension of time to file an answer or other responsive pleading to June 24, 2024. Once it became apparent the parties were not going to settle, the Court granted the defendants' next several requested extensions of the responsive pleading deadline based upon Mr. Guess's representations he was in the process of obtaining counsel. However, by October 10, 2024, Mr. Guess still had not obtained licensed counsel, despite previously representing he had a "tentative agreement" to

engage counsel, and asked the Court for another thirty-day extension. Over the SEC's objection to that request, the Court granted the defendants' requested extension to November 8, 2024, but warned the defendants that "further extensions of time are unlikely to be granted absent a showing of extraordinary circumstances and good cause." Despite granting that extension—resulting in the defendants having nearly 6 months after being served process to file a responsive pleading—the defendants failed to do so.

Mr. Guess states his "extraordinary circumstances" are that he became incarcerated in North Carolina on October 18, 2024, when he voluntarily surrendered on outstanding warrants. However, according to his letters, Mr. Guess's criminal issues did not arise until late September through October 2024, after the Court had already provided him with several extensions and many months to simply file a responsive pleading. Moreover, it is Mr. Guess's own actions that put him in the position he finds himself in. Mr. Guess's letters only vaguely refer to law firms and tentative agreements, without specifying which firm he was speaking to, or why it would take five months to engage that firm's services. Such blatant disregard of the Court's deadlines is clearly intentional and does not evidence good cause. See, e.g., *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (finding parties did not act in good faith when they "had three opportunities, spread over several months, to comply with the court's orders," which was not contumacious but still constituted "a blatant disregard for the deadlines and procedure imposed by the court.").

Additionally, the defendants have yet to provide any indication, let alone evidence, that they have a meritorious defense. In the defendants' many requested extensions, they have only asserted they need more time to find counsel, but have generally placed the blame on the SEC for commencing this action at all. See, e.g., Filing No. 23 ("The existence of the SEC complaint in the public domain created additional issues for us recently – collateral consequences – that resulted in certain important relationships (necessary to facilitate engagement requirements for counsel) being terminated and impairing our ability to finalize the tentative agreement[.]"); Filing No. 29 (describing the SEC complaint as "frivolous and discriminatory" causing him to suffer "collateral consequences."). At any point over the last several months Mr. Guess could have filed an answer denying the SEC's allegations, but he has not. Aside from Mr. Guess's general statements that the SEC complaint is frivolous and discriminatory, he has not offered anything from which the Court could ascertain that he has a meritorious defense. See *Stephenson*, 524 F.3d at 914 (finding the

5

defendant's proffered defenses, without "sufficient elaboration of facts or evidence to permit the district court to determine whether, if believed, the defenses were meritorious," did not demonstrate the existence of a meritorious defense because they were "nothing more than simple assertions unsupported by specific facts or evidence").

The SEC does not specifically argue it would be prejudiced if the Court were to set aside default, except to the extent that it would result in further delay and would harm the public interest due to the nature of this civil enforcement case. (Filing No. 30 at p. 2). "[P]rejudice may not be found from delay alone," *Johnson*, 140 F.3d at 786, although the Court does appreciate that the SEC and the public would incur some minimal harm if the defendants were permitted to file answers now more than nine months after the action was commenced. Nevertheless, under the standard to set aside default, such harm inherent to the delay alone does not weigh against setting aside default. However, despite the lack of demonstrable prejudice to the SEC, the defendants' intentional failure to meet their pleading deadlines even after being given several months of extensions, combined with their complete failure to show they have a meritorious defense, demonstrates to the Court that good cause does not exist to set aside default. Moreover, the SEC validly points out that Defendant Guess & Co. Corporation has technically been in default after its first answer deadline expired because it is still unrepresented by licensed counsel. (Filing No. 30 at p. 3). See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("[T]he law does not allow a corporation to proceed pro se."). While the Court has generously granted Mr. Guess's pro se extensions on behalf of the corporate entity defendant, Mr. Guess is not licensed counsel and cannot represent his company. The Court provided Mr. Guess with ample time to obtain licensed counsel for himself and his company, but he failed to do so. Nothing about Mr. Guess's conduct thus far provides the Court with any assurance that Mr. Guess would cure that failure if provided yet another extension. Accordingly,

**IT IS ORDERED** that the defendants' motions to extend (Filing No. 28 and Filing No. 29) are denied.

Dated this 10th day of February, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge