IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | 8:24CV172 |
| vs. | ORDER |
| JERRY D. GUESS, and GUESS & CO. CORPORATION, | |
| Defendants. | |

This matter comes before the Court on two motions filed by the defendants, Jerry D. Guess and Guess & Co. Corporation, still proceeding pro se. In the first motion, the defendants request that the undersigned magistrate judge reconsider his Order dated February 10, 2025, (Filing No. 34), which denied the defendants' request to set aside clerk's entry of default and denied their request for yet more time to file an answer. (Filing No. 37). In the second motion, the defendants ask the Court for a 90-day stay of this case because they have "been actively and diligently speaking with counsel and working towards satisfying the requirements to engage them." The defendants further believe their "mission" "to deliver inclusive capitalism to rural and neighboring communities" and the "re-ordering" of the SEC's priorities with the new administration justifies a stay and a direction that "no rulings be made and no judgments issued." (Filing No. 41).

ANALYSIS

"A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (citation omitted). The Eighth Circuit Court of Appeals "construes motions for reconsideration of non-final orders as motions under Rule 60(b) of the Federal Rules of Civil Procedure." *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018) (citing *Elder–Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) ("[M]otions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders.")). The Court's February 10, 2025, Order denying the defendants' request to set aside default and for more time to file a

responsive pleading is a non-final order, and thus Rule 60(b) applies to the instant motion to reconsider.

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quotation omitted). "In the civil context, [the Eighth Circuit] has been clear that a motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence.'" *United States v. Luger*, 837 F.3d 870, 875 (8th Cir. 2016) (quoting *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 407 (8th Cir. 2013)).

In this case, Mr. Guess's letter requesting reconsideration of the Court's Order (Filing No. 37) sets forth no "manifest errors of law or fact" or "newly discovered evidence" demonstrating exceptional circumstances justifying the requested relief. Mr. Guess states that, although he was in custody and mailed his letter to this court on November 8, 2024—the final deadline to file an answer set by the Court—the Court did not receive the letter until December 2024, during which time default was entered against the defendants.[1] However, the Court already recognized and considered the delayed receipt of Mr. Guess's letter in its Order denying his request to set aside default, and still found he had not demonstrated "good cause" to set aside default.

The Court also considered Mr. Guess's reiterated "extraordinary circumstances" that he became incarcerated in North Carolina on October 18, 2024, when he voluntarily surrendered on outstanding warrants. As the Court already recognized, Mr. Guess's criminal issues did not arise until late September through October 2024, after the Court had already provided him with several extensions and many months to simply file a responsive pleading. And, as the SEC points out, the defendants have still yet to provide any indication, let alone evidence, that they have a meritorious defense. Moreover, the defendants could have filed an answer at any point in the last several months, rather than sending letters asking for extensions of time on the last days of the deadlines to do so.

The Court also previously recognized that Mr. Guess's letters only vaguely refer to law firms and tentative agreements, without specifying which firms he was speaking to, or why it

---

[1] The delay in receipt of the letter was likely caused in large part because Mr. Guess addressed the letter to "United States District Court, District of Nebraska: Attn: District Court Judge, Omaha, Nebraska" without a street address or zip code. (Filing No. 29).

would take five months to engage a firm's services—which he sentiment he has continued in his most recent letter, again vaguely stating he has "been actively and diligently speaking with counsel and working towards satisfying the requirements to engage them." In the defendants' motion to reconsider, they once again make vague references to "securing counsel" without any specifics regarding their efforts to secure representation or why engagement of counsel would require now over eight months after first receiving notice of this lawsuit. In sum, nothing contained in the defendants' letter indicates the Court should reconsider its prior order, and they have not made an adequate showing of exceptional circumstances, new evidence, or manifest errors of law justifying reconsideration of the Court's Order. See *Jones*, 512 F.3d at 1048.

The defendants also request the Court stay this litigation for 90-days. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A stay should be entered only where it is a proper exercise of the court's discretion, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and the proponent of the stay bears the burden of establishing the need for a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). The defendants' request for a stay at this point seems to be a last-ditch effort to avoid having judgment entered against them for repeatedly failing to simply file a responsive pleading to the SEC's complaint filed ten months ago. There are no reasons offered by the defendants, nor circumstances that the Court can see, that would justify a stay of this case. Accordingly,

**IT IS ORDERED** that the defendants' motion to reconsider (Filing No. 37) and motion to stay (Filing No. 41) are denied.

Dated this 14th day of March, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge