IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

JERRY D. GUESS and GUESS & CO.
CORPORATION,

    Defendants.

4:24-CV-172

MEMORANDUM AND ORDER

    Default judgment in this case was entered in favor of the plaintiff, the United States Securities and Exchange Commission. Filing 48. This matter is before the Court on a motion to stay enforcement of the judgment from one of the defendants, Jerry D. Guess. Filing 59. The motion will be denied.

    The Court determined that Guess violated the Securities Act of 1933, 15 U.S.C. § 77a, *et seq.*, when he circulated materially false information about the value and projected future profits of his company in an effort to solicit investors in Guess & Co. stock. The Court enjoined Guess from future violations of the Act, imposed a $15,000 civil penalty pursuant to § 77t(d), and, pursuant to § 77(b), prohibited Guess from participating in the issuance, purchase, offer, or sale of any security for a limited period of 5 years, except that Guess may purchase or sell securities for his own account. Guess seeks to stay the injunction prohibiting him from issuing, purchasing, offering, or selling securities.

    Under Fed. R. Civ. P. 62(d), while an appeal is pending from a final judgment that grants an injunction, the Court may "suspend, modify, restore,

or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Whether a stay is sought at the district court or at the appellate level, the factors a court must consider before staying an injunction are the same:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011). Such a stay is not a matter of right, even if irreparable injury might result. *Nken v. Holder*, 556 U.S. 418, 433 (2009). Rather, staying an injunction is an exercise of judicial discretion, dependent on the circumstances of the particular case. *Id.* The burden is on the applicant to show the circumstances justify the exercise of a stay. *Id.* at 433-34; *Brady*, 640 F.3d at 789.

### *Likelihood of Success*

The most important factor is the applicant's likely success on appeal. *Brady*, 640 F.3d at 789. Guess argues that he is likely to be successful on appeal because default judgments against *pro se* litigants are generally disfavored. Filing 59 at 3. Guess also argues the injunction is inappropriate because is it punitive rather than remedial in nature. *See SEC v. Gentile*, 939 F.3d 549, 560 (3d Cir. 2019); *SEC v. Stubos*, 634 F. Supp. 3d 174, 191-92 (S.D.N.Y. 2022).

The Court entered default judgment against Guess after his repeated failures to follow court orders and deadlines. While it's true *pro se* litigants are held to less stringent standards, *see, e.g., Brooks v. Roy*, 776 F.3d 957, 960 n.4 (8th Cir. 2001), they are not excused from complying with court orders or the Federal Rules of Civil Procedure. *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996); *see also Farnsworth v. City of Kan. City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988). The Court specifically found that default judgment was appropriate based on Guess's contumacious conduct and a lack of mitigating circumstances. Guess has not shown a likelihood of success on this issue.

In crafting the injunction, the Court carefully considered the approaches taken in other districts for similar conduct. And the Court specifically found a reasonable likelihood of further violations, based on the degree of intentional wrongdoing and Guess's other fraudulent conduct. Ultimately, the Court was persuaded that the limited injunction was necessary to prevent future fraud and would provide full relief without inflicting unnecessary pain. Filing 47 at 10. Guess has not shown that the Eighth Circuit is likely to undo the injunctive relief on this basis.

*Irreparable Injury to Applicant and Balance of Harms*

The next factor to be considered is whether the applicant will be irreparably injured absent a stay. *Brady*, 640 F.3d at 789. It is the applicant's burden to show he will suffer injury. *Id.* Simply showing some "possibility of irreparable injury" fails to satisfy this factor. *Nken*, 556 U.S. at 434; *see also Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The Court must also balance the injury to the applicant against the injury to the nonmoving party and the public interest. *Brady*, 640 F.3d at 789. The harm to the

nonmoving party and the public interest factors merge when the government is the nonmoving party. *See Morehouse Enters., LLC v. ATF*, 78 F.4th 1101, 1018 (8th Cir. 2023) (citing *Nken*, 556 U.S. at 435).

Curiously, Guess argues both that the injunction harms him because it "eliminat[es] his ability to work in his chosen field and destroy[s] his livelihood," but also that the balance of harms favors a stay because he has "ceased all securities-related activity and poses no ongoing risk." Filing 62 at 3. Guess has not explained what sort of activity he seeks to engage in should the Court issue a stay, nor, specifically, how the five-year bar will affect his reputation or livelihood. The conduct at issue in this case involved Guess soliciting investors by selling stock in his company. Even assuming some injury may result from the injunction, Guess may still manage Guess & Co. and solicit business; he just may not offer, purchase, or sell *securities*, related to Guess & Co. or otherwise.

The government argues that because Guess waited four months to stay enforcement of the injunction, it's clear any harm is neither imminent nor irreparable. Filing 61 at 8. The Court agrees. Guess's delay is not only a continuation of his dilatory behavior throughout these proceedings, but demonstrates that any irreparable harm that may result from the injunction cannot outweigh the threat of future wrongdoing.

The Court carefully crafted the injunction to avoid any punitive effect, and narrowly tailored it to protect the public from future fraud. *See* filing 47 at 14. While some injury may result from complying with the injunction, the nonspecific injury asserted is not extreme enough to warrant a stay when weighed against the interests of the public and the Court's assessment of Guess's likelihood of success on appeal. Therefore,

IT IS ORDERED that Guess's motion to stay judgment pending appeal (filing 59) is denied.

Dated this 26th day of November, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge